Orlando Villalba (SBN 232165)
Orlando.Villalba@capstonelawyers.com
Helga Hakimi (SBN 257381)
Helga.Hakimi@capstonelawyers.com
Roxanna Tabatabaeepour (SBN 260187)
Roxanna.Taba@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff Alexander Wilson

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER WILSON, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>vs.<br><br>RECREATIONAL EQUIPMENT, INC., a Washington corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  2:22-cv-02184-KJM-KJN<br><br>**CLASS ACTION COMPLAINT & ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, *ET SEQ.***<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 (Unpaid Minimum Wages);<br>(3) Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 (Failure to Provide Meal Periods);<br>(4) Violation of California Labor Code §§ 226.7, 516, and 1198 (Failure to Authorize and Permit Rest Periods);<br>(5) Violation of California Labor Code §§ 226(a), 1174(d), and 1198 (Non-Compliant Wage Statements and Failure to Maintain Payroll Records);<br>(6) Violation of California Labor Code § 204 (Failure to Timely Pay Wages During Employment);<br>(7) Violation of California Labor Code § 2802 (Unreimbursed Business Expenses);<br>(8) Civil Penalties for Violations of California Labor Code, Pursuant to PAGA, §§ 2698, *et seq.*;<br>(9) Violation of California Business & Professions Code §§ 17200, *et seq.* |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(Unlawful Business Practices); and
(10)    Violation of California Business &
Professions Code §§ 17200, *et seq.* (Unfair
Business Practices

**Jury Trial Demanded**

Plaintiff Alexander Wilson, individually and on behalf of all other members of the public similarly situated, and as an aggrieved employee and on behalf of all other aggrieved employees, alleges as follows:

### JURISDICTION AND VENUE

1.     This class action is brought pursuant to Rule 23 of the Federal Rules Code of Civil Procedure to recover wages and all other available relief on behalf of Plaintiff and all similarly situated current and former non-exempt, hourly paid employees of Defendants, and non-class representative enforcement action brought pursuant to the Labor Code Private Attorneys General Act of 2004, California Labor Code sections 2698, *et seq.* ("PAGA") to recover civil penalties and any other available relief on behalf of Plaintiff, the State of California, and other current and former employees who worked for Defendants in California as non-exempt, hourly paid employees and received at least one wage statement and against whom one or more violations of any provision in Division 2 Part 2 Chapter 1 of the Labor Code or any provision regulating hours and days of work in the applicable Industrial Welfare Commission ("IWC") Wage Order were committed, as set forth in this complaint.

2.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and based on 28 U.S.C. §§ 1441, 1446.

3.     Venue is proper in this Court, because this case was originally filed in the Superior Court of California for the County of Sacramento.  Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(a), 1391(b), and 1441(a).

4.     The PAGA statute authorizes aggrieved employees to sue directly as the proxy of the State of California for civil penalties for violations of various provisions in the California Labor Code.

### THE PARTIES

5.     Plaintiff Alexander Wilson is a resident of Sacramento, California.  Defendants have employed Plaintiff as an hourly paid, non-exempt Shop Mechanic since approximately May 2021.  Plaintiff works for Defendants at their store location in Sacramento, California.

1    Plaintiff typically works eight (8) hours or more per day, and five (5) days per week.

2    Plaintiff's primary job duties include, without limitation, assembling, servicing, and repairing

3    recreational equipment such as bikes, skis, and snowboards; promoting sales of Defendants'

4    goods and services; and providing customer service.

5         6.      RECREATIONAL EQUIPMENT, INC. was and is, upon information and

6    belief, a Washington corporation, and at all times hereinafter mentioned, an employer whose

7    employees are engaged throughout this county, the State of California, or the various states of

8    the United States of America.

9         7.      Plaintiff is unaware of the true names or capacities of the Defendants sued

10   herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to

11   amend the complaint and serve such fictitiously named Defendants once their names and

12   capacities become known.

13        8.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

14   were the partners, agents, owners, or managers of RECREATIONAL EQUIPMENT, INC. at

15   all relevant times.

16        9.      Plaintiff is informed and believes, and thereon alleges, that each and all of the

17   acts and omissions alleged herein was performed by, or is attributable to, RECREATIONAL

18   EQUIPMENT, INC. and/or DOES 1 through 10 (collectively, "Defendants" or "REI"), each

19   acting as the agent, employee, alter ego, and/or joint venturer of, or working in concert with,

20   each of the other co-Defendants and was acting within the course and scope of such agency,

21   employment, joint venture, or concerted activity with legal authority to act on the others'

22   behalf.  The acts of any and all Defendants were in accordance with, and represent, the official

23   policy of Defendants.

24        10.     At all relevant times, Defendants, and each of them, ratified each and every act

25   or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

26   and abetted the acts and omissions of each and all the other Defendants in proximately causing

27   the damages herein alleged.

28        11.     Plaintiff is informed and believes, and thereon alleges, that each of said

FIRST AMENDED CLASS ACTION COMPLAINT

1  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

2  omissions, occurrences, and transactions alleged herein.

3  **GENERAL ALLEGATIONS**

4      12.    Defendants are a specialty outdoor retailer that sells sports equipment, camping

5  gear, travel equipment, and clothing, along with outdoor-oriented vacations and courses.

6  Defendants operate approximately 30 store locations throughout California.  Upon

7  information and belief, Defendants maintain a single, centralized Human Resources ("HR")

8  department at their corporate headquarters in Kent, Washington, which is responsible for the

9  recruiting and hiring of new employees, and communicating and implementing Defendants'

10  company-wide policies, including timekeeping policies and meal and rest period policies, to

11  employees throughout California.

12      13.    In particular, Plaintiff and class members, on information and belief, received

13  the same standardized documents and/or written policies.  Upon information and belief, the

14  usage of standardized documents and/or written policies, including new-hire documents,

15  indicate that Defendants dictated policies at the corporate level and implemented them

16  company-wide, regardless of their employees' assigned locations or positions.

17      14.    Upon information and belief, Defendants maintain a centralized Payroll

18  department at their corporate headquarters in Kent, Washington, which processes payroll for

19  all non-exempt, hourly paid employees working for Defendants at their various locations and

20  jobsites in California, including Plaintiff and class members.  Based upon information and

21  belief, Defendants issue the same formatted wage statements to all non-exempt, hourly paid

22  employees in California, irrespective of their work locations.  Upon information and belief,

23  Defendants process payroll for departing employees in the same manner throughout the State

24  of California, regardless of the manner in which each employee's employment ends.

25      15.    Defendants continue to employ non-exempt or hourly paid employees in

26  California.

27      16.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

28  mentioned, Defendants were advised by skilled lawyers and other professionals, employees

1    and advisors knowledgeable about California labor and wage law, employment and personnel

2    practices, and about the requirements of California law.

3         17.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class

4    members were not paid for all hours worked because all hours worked were not recorded.

5         18.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

6    should have known that Plaintiff and class members were entitled to receive certain wages for

7    overtime compensation and that they were not receiving certain wages for overtime

8    compensation.

9         19.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

10   should have known that Plaintiff and class members were entitled to be paid at a regular rate

11   of pay, and corresponding rates of pay for overtime wages and/or meal and rest period

12   premiums, that included as eligible income all remuneration required by law, including, but

13   not limited to, all income derived from incentive pay, nondiscretionary bonuses, and/or other

14   forms of compensation, but failed to include all forms of remuneration in calculating the

15   regular rate of pay for Plaintiff and class members.

16        20.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

17   should have known that Plaintiff and class members were entitled to receive at least minimum

18   wages for compensation and that they were not receiving at least minimum wages for work

19   that was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiff

20   and class members were not paid at least minimum wages for work done off-the-clock.

21        21.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

22   should have known that Plaintiff and class members were entitled to meal periods in

23   accordance with the California Labor Code and the applicable IWC Wage Order or payment

24   of one (1) additional hour of pay at their regular rates of pay when they were not provided

25   with timely, uninterrupted, thirty (30) minute meal periods and that Plaintiff and class

26   members were not provided with all meal periods or payment of one (1) additional hour of

27   pay at their regular rates of pay when they did not receive a timely, uninterrupted, thirty (30)

28   minute meal period.

22.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to rest periods in accordance with the California Labor Code and applicable IWC Wage Order or payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.  In violation of the California Labor Code, Plaintiff and class members were not authorized and permitted to take compliant rest periods, nor did Defendants provide Plaintiff and class members with payment of one (1) additional hour of pay at their regular rates of pay when they were not authorized and permitted to take a compliant rest period.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive complete and accurate wage statements in accordance with California law.  In violation of the California Labor Code, Plaintiff and class members were not provided complete and accurate wage statements.

24.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they had a duty to maintain accurate and complete payroll records in accordance with the California Labor Code and applicable IWC Wage Order, but willfully, knowingly, and intentionally failed to do so.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and/or class members were entitled to timely payment of all wages earned upon termination of employment.  In violation of the California Labor Code, Plaintiff and/or class members did not receive payment of all wages due, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within permissible time periods.

26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to timely payment of wages during their employment.  In violation of the California Labor Code, Plaintiff and class members did not receive payment of all wages, including, but not limited to, overtime wages,

minimum wages, and/or meal and rest period premiums, within permissible time periods.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and/or class members were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties and also have seats nearby to use during a lull in tasks that do require moving about or standing. In violation of the California Labor Code and applicable IWC Wage Order, Defendants failed to provide Plaintiff and/or class members with suitable seating.

28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment and that they did not receive full reimbursement of applicable business-related expenses and costs incurred.

29.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that Defendants had a duty to provide Plaintiff and class members with written notice of the material terms of their employment with Defendants as required by the California Wage Theft Prevention Act, but failed to do so.

30.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff and class members for all hours worked, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and class members that they were properly denied wages, all in order to increase Defendants' profits.

### PAGA REPRESENTATIVE ALLEGATIONS

31.    At all times herein set forth, PAGA provides that any provision of law under the Labor Code and applicable IWC Wage Order that provides for a civil penalty to be assessed and collected by the LWDA for violations of the California Labor Code and applicable IWC Wage Order may, as an alternative, be recovered by aggrieved employees in a civil action brought on behalf of themselves and other current or former employees pursuant

1   to procedures outlined in California Labor Code section 2699.3.

2       32.     PAGA defines an "aggrieved employee" in Labor Code section 2699(c) as "any

3   person who was employed by the alleged violator and against whom one or more of the

4   alleged violations was committed."

5       33.     Plaintiff and other current and former employees of Defendants are "aggrieved

6   employees" as defined by Labor Code section 2699(c) in that they are all Defendants' current

7   or former employees and one or more of the alleged violations were committed against them.

8       34.     Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved

9   employee, including Plaintiff, may pursue a civil action arising under PAGA after the

10  following requirements have been met:

11          (a)     The aggrieved employee or representative shall give written notice by

12                  online filing with the LWDA and by certified mail to the employer of

13                  the specific provisions of the California Labor Code alleged to have

14                  been violated, including the facts and theories to support the alleged

15                  violation.

16          (b)     An aggrieved employee's notice filed with the LWDA pursuant to

17                  2699.3(a) and any employer response to that notice shall be

18                  accompanied by a filing fee of seventy-five dollars ($75).

19          (c)     The LWDA shall notify the employer and the aggrieved employee or

20                  representative by certified mail that it does not intend to investigate the

21                  alleged violation ("LWDA Notice") within sixty (60) calendar days of

22                  the postmark date of the aggrieved employee's notice.  Upon receipt of

23                  the LWDA Notice, or if no LWDA Notice is provided within sixty-five

24                  (65) calendar days of the postmark date of the aggrieved employee's

25                  notice, the aggrieved employee may commence a civil action pursuant

26                  to California Labor Code section 2699 to recover civil penalties.

27      35.     Pursuant to California Labor Code sections 2699.3(c), aggrieved employees,

28  through Plaintiff, may pursue a civil action arising under PAGA for violations of any

1  provision other than those listed in Section 2699.5 after the following requirements have been

2  met:

    (a)  The aggrieved employee or representative shall give written notice by

3

4  online filing with the LWDA and by certified mail to the employer of

5  the specific provisions of the California Labor Code alleged to have

6  been violated (other than those listed in Section 2699.5), including the

7  facts and theories to support the alleged violation.

8      (b)  An aggrieved employee's notice filed with the LWDA pursuant to

9  2699.3(c) and any employer response to that notice shall be

10  accompanied by a filing fee of seventy-five dollars ($75).

11      (c)  The employer may cure the alleged violation within thirty-three (33)

12  calendar days of the postmark date of the notice sent by the aggrieved

13  employee or representative.  The employer shall give written notice

14  within that period of time by certified mail to the aggrieved employee or

15  representative and by online filing with the LWDA if the alleged

16  violation is cured, including a description of actions taken, and no civil

17  action pursuant to Section 2699 may commence.  If the alleged violation

18  is not cured within the 33-day period, the aggrieved employee may

19  commence a civil action pursuant to Section 2699.

20      36.  On November 8, 2022, Plaintiff provided written notice by online filing to the

21  LWDA and by Certified Mail to Defendants of the specific provisions of the California Labor

22  Code alleged to have been violated, including facts and theories to support the alleged

23  violations, in accordance with California Labor Code section 2699.3.  Plaintiff's written

24  notice was accompanied with the applicable filing fee of seventy-five dollars ($75).  The

25  LWDA PAGA Administrator confirmed receipt of Plaintiff's written notice and assigned

26  Plaintiff PAGA Case Number LWDA-CM-918524-22.  A true and correct copy of Plaintiff's

27  written notice to the LWDA and Defendants is attached hereto as "Exhibit 1."

28      37.  As of the filing date of this complaint, over 65 days have passed since Plaintiff

sent the notice described above to the LWDA, and the LWDA has not responded that it intends to investigate Plaintiff's claims and Defendants have not cured the violations.

38.    Thus, Plaintiff has satisfied the administrative prerequisites under California Labor Code section 2699.3(a) and 2699.3(c) to recover civil penalties against Defendants for violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, and 2810.5.

39.    Labor Code section 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid. . . . (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid. . . ."  Labor Code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

40.    Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiff's and other aggrieved employees' rights by violating various sections of the California Labor Code as set forth above.

41.    As set forth below, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable IWC Wage Order.

42.    Pursuant to PAGA, and in particular, California Labor Code sections 2699(a), 2699.3(a), 2699.3(c), and 2699.5, and section 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties for himself, all other aggrieved employees, and the State of California against Defendants for violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, and 2810.5.

//

**CLASS ACTION ALLEGATIONS**

43.     Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks class certification under Rule 23 of the Federal Rules of Civil Procedure.

44.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

45.     Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California, within four years prior to the filing of the initial complaint until the date of trial ("Class").

46.     Plaintiff's proposed subclass consists of and is defined as follows:

> All persons who worked for Defendants as non-exempt, hourly paid employees in California and who received at least one wage statement within one (1) year prior to the filing of the initial complaint until the date of trial ("Subclass").

47.     Members of the Class and Subclass are referred to herein as "class members."

48.     Plaintiff reserves the right to redefine the Class and Subclass and to add additional subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

49.     This action is brought and properly may be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure 23(a)(1)-(4) and 23(b)(1), (b)(2), or (b)(3) and satisfies the requirements thereof.

50.     According to Defendants' removal papers, there are at least 6,823 non-exempt, hourly paid employees working for Defendants across California during the relevant period. Thus, it is reasonable to presume that the members of the class are so numerous that joinder of all members is impracticable.  The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

51.     Plaintiff's claims are typical of those of the class members, because Plaintiff suffered the violations set forth in this First Amended Complaint.

52.     Plaintiff will adequately protect the interests of class members.  Plaintiff has no

interests that are adverse to or conflict with class members and is committed to the vigorous prosecution of this action.  To that end, Plaintiff has retained counsel who is competent and experienced in handling class actions on behalf of employees.

53.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the amount suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this case as a class action.

54.    There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)    Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, or over forty (40) hours per week and failed to pay all legally required overtime compensation to Plaintiff and class members;

(b)    Whether Defendants failed to include all forms of remuneration in the "regular rate" of pay as required by law for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and class members;

(c)    Whether Defendants failed to pay Plaintiff and class members at least minimum wages for all hours worked;

(d)    Whether Defendants failed to provide Plaintiff and class members meal periods;

(e)    Whether Defendants failed to authorize and permit Plaintiff and class members to take rest periods;

(f)    Whether Defendants provided Plaintiff and class members with complete and accurate wage statements as required by California Labor Code section 226(a);

(g)    Whether Defendants maintained accurate payroll records as required by California Labor Code section 1174(d);

(h)    Whether Defendants failed to pay earned overtime wages, minimum wages, and/or meal and rest period premiums due to Plaintiff and/or class members upon their discharge;

(i)    Whether Defendants failed to timely pay overtime wages, minimum wages, and/or meal and rest period premiums to Plaintiff and class members during their employment;

(j)    Whether Defendants failed to provide Plaintiff and/or class members with suitable seating;

(k)    Whether Defendants failed to reimburse Plaintiff and class members for necessary and required business-related expenditures and/or losses incurred by them in the scope of their employment;

(l)    Whether Defendants failed to provide written notice of information material to Plaintiff's and class members' employment with Defendants;

(m)    Whether Defendants engaged in unlawful and unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*; and

(n)    The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

**(Against all Defendants)**

55.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

56.    Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall

1   be the . . . standard conditions of labor for employees.  The employment of any employee . . .

2   under conditions of labor prohibited by the order is unlawful."

3          57.     California Labor Code section 1198 and the applicable IWC Wage Order

4   provide that it is unlawful to employ persons without compensating them at a rate of pay

5   either time-and-one-half or two-times that person's regular rate of pay, depending on the

6   number of hours worked by the person on a daily or weekly basis.

7          58.     Specifically, the applicable IWC Wage Order provides that Defendants are and

8   were required to pay Plaintiff and class members working more than eight (8) hours in a day

9   or more than forty (40) hours in a workweek, at the rate of time and one-half (1 ½) for all

10  hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

11  workweek.

12         59.     The applicable IWC Wage Order further provides that Defendants are and were

13  required to pay Plaintiff and class members working more than twelve (12) hours in a day,

14  overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's

15  regular rate of pay includes all remuneration for employment paid to, or on behalf of, the

16  employee, including nondiscretionary bonuses and incentive pay.

17         60.     California Labor Code section 510 codifies the right to overtime compensation

18  at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8)

19  hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the

20  seventh (7th) day of work, and to overtime compensation at twice the employee's regular rate

21  of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours

22  in a day on the seventh (7th) day of work.

23         61.     During the relevant time period, Defendants willfully failed to pay all overtime

24  wages owed to Plaintiff and class members.  During the relevant time period, Plaintiff and

25  class members were not paid overtime premiums for all of the hours they worked in excess of

26  eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

27  hours in a week, because all hours worked were not recorded.

28         62.     First, Defendants had, and continue to have, a company-wide policy and/or

practice of discouraging and impeding Plaintiff and class members from recording hours worked that were outside of their scheduled shifts in order to limit the amount of overtime employees could accrue.  On information and belief, Defendants' policy of discouraging and limiting overtime, coupled with Defendants' practice of assigning heavy workloads and understaffing (*see infra*), led Plaintiff and class members to work off-the-clock outside of their scheduled shift times in order to complete their assigned tasks.

63.    For example, when Plaintiff clocked out at the end of his scheduled shift, Defendants' management required him to wait while closing duties were performed by other employees, which could take up to 10 minutes.  As another example, after clocking out from his shifts and on his days off, Plaintiff was required to answer work-related phone calls and text messages from Defendants' management.

64.    As a further example, for about a six-month period, Defendants implemented, on a company-wide basis, an employer-imposed requirement that Plaintiff and class members undergo mandatory COVID-19 temperature checks before clocking in for their scheduled shifts.  During this time, Plaintiff was required to spend time undergoing a mandatory temperature check before being permitted to clock in for his shifts.  Even though Defendants required these temperature checks, Defendants did not provide Plaintiff and class members with a mechanism to record this time so they could be compensated for the time spent undergoing mandatory temperature checks.

65.    Second, Defendants had, and continue to have, a company-wide policy and/or practice of understaffing their stores while assigning heavy workloads.  Defendants' policies and/or practices resulted in a failure to provide Plaintiff and class members with adequate meal period coverage, and thus, Plaintiff and class members are and were not always afforded uninterrupted 30-minute meal periods during shifts when they were entitled to receive a meal period.  Defendants also had a practice of failing to adhere to a schedule for meal periods, which has further caused Plaintiff and class members to not be relieved of their duties for complaint meal periods.  For example, Plaintiff's meal periods have been interrupted several times by Defendants' managers inquiring about work assignments.  On other occasions,

Plaintiff has missed his meal periods entirely due to the heavy workload.  Thus, Plaintiff and class members have missed meal periods and/or had meal periods cut short or interrupted in order to complete their assigned workloads.  Defendants have not compensated Plaintiff and class members for the time they spent working off the clock during meal periods.

66.    Third, on information and belief, because Defendants frown upon employees accruing meal period penalties, Defendants' management has pressured Plaintiff and class members to clock out for meal periods and/or adjusted their time records to reflect compliant meal periods, even when they did not receive a compliant meal period.  In addition, Defendants' company-wide timekeeping system has prevented Plaintiff and class members from recording all hours worked when their meal periods are shortened or interrupted, because the system locks out Plaintiff and class members once they clock out for a meal period, and does not permit them to clock back in from a meal period before 30 minutes have elapsed.  Thus, Defendants have not recorded all hours worked during meal periods and Plaintiff and class members have performed work during meal periods for which they were not paid.

67.    Defendants knew or should have known that as a result of these company-wide practices and/or policies, Plaintiff and class members were performing their assigned duties off-the-clock before, after, and otherwise outside of their scheduled shifts and during meal periods, and were suffered or permitted to perform work for which they were not paid.  Because Plaintiff and class members sometimes worked shifts of eight (8) hours a day or more, or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.  Therefore, Plaintiff and class members were not paid overtime wages for all of the overtime hours they actually worked.

68.    Furthermore, Defendants have not paid Plaintiff and class members the correct overtime rate for the recorded overtime hours that they have generated.  In addition to an hourly wage, Defendants pay Plaintiff and class members incentive pay, nondiscretionary bonuses, and/or other forms of remuneration.  However, in violation of the California Labor Code, Defendants have failed to incorporate all compensation, including incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, into the calculation of the

regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff and class members have worked overtime and received these other forms of pay, Defendants have failed to pay all overtime wages by paying a lower overtime rate than required.

69.    For example, Defendants paid Plaintiff and class members incentive pay and/or nondiscretionary bonuses based on store sales performance. During pay periods that Plaintiff and class members were paid overtime wages, Defendants did not incorporate the incentive pay and/or nondiscretionary bonuses into Plaintiff's and class members' regular rate of pay and, as a result, paid them at incorrect and lower rates of pay for overtime hours worked. Specifically, Defendants paid Plaintiff and class members 1.5 times their hourly rate of pay instead of 1.5 times their regular rate of pay. Defendants' failure to properly calculate the overtime rates of pay based on all remuneration paid has resulted in an underpayment of overtime wages to Plaintiff and class members on a company-wide basis.

70.    Defendants' failure to pay Plaintiff and class members the balance of overtime compensation as required by California law, violates the provisions of California Labor Code sections 510 and 1198. Pursuant to California Labor Code section 1194, Plaintiff and class members are entitled to recover from Defendants their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid Minimum Wages**

**(Against all Defendants)**

71.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

72.    At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful. Compensable work time is defined in IWC Wage Order No. 7-2001 as "the

time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code. Regs. Tit. 8, § 11070(2)(G) (defining "Hours Worked").

73.     As set forth above, due to Defendants' restrictions on overtime accrual, Defendants systematically have failed to pay Plaintiff and class members for actual hours worked before, after, and otherwise outside of their scheduled shifts, because these hours were not recorded.  Plaintiff and class members have been required to perform work off-the-clock prior to the start of their shifts, after their shifts, and/or on their days off, including waiting off-the-clock for coworkers to complete closing duties, undergoing mandatory COVID-19 temperature checks, and communicating with management regarding work-related tasks via phone calls or text messages.

74.     Moreover, as set forth above, due to Defendants' policies and/or practices of understaffing their store locations while assigning heavy workloads and failing to adhere to a schedule for meal periods, Plaintiff and class members have been impeded from taking all uninterrupted meal periods to which they are entitled and have been required to work off-the-clock during meal periods.  Moreover, as stated, in order to prevent employees from accruing meal period penalties, upon information and belief, Defendants' management has pressured employees to clock out for meal periods even when meal periods were missed, short, and/or interrupted and/or adjusted their time records to reflect compliant meal periods.  In addition, Defendants' company-wide timekeeping system has prevented Plaintiff and class members from entering time worked during meal periods because the system locks out Plaintiff and class members for a full 30-minutes.  Thus, Defendants systematically have failed to pay Plaintiff and class members for actual hours worked during unpaid meal periods because these hours were not correctly recorded.

75.     Defendants did not pay minimum wages for all hours worked by Plaintiff and class members.  To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and

1 | 1198.

2 | 76.    Defendants' failure to pay Plaintiff and class members minimum wages violates

3 | California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to

4 | California Labor Code section 1194.2, Plaintiff and class members are entitled to recover from

5 | Defendants liquidated damages in an amount equal to the wages unlawfully unpaid and

6 | interest thereon.

7 | **THIRD CAUSE OF ACTION**

8 | **Violations of California Labor Code, §§ 226.7, 512(a), 516, and 1198—Meal Period**

9 | **Violations**

10 | **(Against all Defendants)**

11 | 77.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

12 | and every allegation set forth above.

13 | 78.    At all relevant times herein set forth, California Labor Code section 512(a)

14 | provides that an employer may not require, cause, or permit an employee to work for a period

15 | of more than five (5) hours per day without providing the employee with a meal period of not

16 | less than thirty (30) minutes, except that if the total work period per day of the employee is

17 | not more than six (6) hours, the meal period may be waived by mutual consent of both the

18 | employer and the employee.  Under California law, first meal periods must start after no more

19 | than five hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

20 | 79.    At all relevant times herein set forth, California Labor Code sections 226.7,

21 | 512(a), 516, and 1198 provide that no employer shall require an employee to work during any

22 | meal period mandated by an applicable order of the IWC.

23 | 80.    At all relevant times herein set forth, Labor Code sections 226.7 and 512(a) and

24 | the applicable IWC Wage Order also require employers to provide a second meal period of

25 | not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an

26 | employee one (1) additional hour of pay at the employee's regular rate, except that if the total

27 | hours worked is no more than twelve (12) hours, the second meal period may be waived by

28 | mutual consent of the employer and the employee only if the first meal period was not waived.

81.    During the relevant time period, as set forth above, Defendants had, and continue to have, company-wide policies and/or practices of understaffing their store locations which, combined with heavy workloads and a failure to adhere to a schedule for meal periods, resulted in a lack of meal period coverage and prevented Plaintiff and class members from taking all timely, uninterrupted meal periods to which they were entitled.

82.    In addition, as set forth above, because Defendants frown upon employees accruing meal period penalties, Defendants' management has pressured employees to clock out for meal periods to reflect compliant meal periods, and/or adjusted their time records to reflect compliant meal periods.  In addition, Defendants' company-wide timekeeping system has prevented Plaintiff and class members from entering time worked during meal periods because the system locks out Plaintiff and class members for a full 30-minutes.

83.    As a result, Plaintiff and class members have had to work through all or part of their meal periods, had their meal periods interrupted, and/or had to wait extended periods of time before taking meal periods.  For example, Plaintiff has missed his meal periods entirely or took his meal periods late, after having worked in excess of five (5) hours into his shift, in order to meet the store's customer demand and his assigned workload.  Moreover, Plaintiff's meal periods have been interrupted by Defendants' supervisors asking him to complete a task after he had already clocked out for his meal period.  Plaintiff and class members did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

84.    At all times herein mentioned, Defendants knew or should have known that, as a result of these policies, Plaintiff and class members were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods. Defendants further knew or should have known that Defendants did not pay Plaintiff and class members all meal period premiums when meal periods were late, missed, shortened, or interrupted.

85.    Furthermore, Defendants engaged in a company-wide practice and/or policy of not paying all meal period premiums owed when compliant meal periods were not provided.

Because of this practice and/or policy, Plaintiff and class members have not received all premium pay for missed, late, and interrupted meal periods.  Alternatively, to the extent that Defendants did pay Plaintiff and class members premium pay for missed, late, and interrupted meal periods, Defendants did not pay Plaintiff and class members at the correct rate of pay for premiums because Defendants systematically failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.  As a result, Defendants failed to provide Plaintiff and class members compliant meal periods in violation of California Labor Code sections 226.7, 512(a), and 516 and failed to pay the full meal period premiums due.

86.    Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code sections 226.7, 512(a), 516, and 1198.  Plaintiff and class members are therefore entitled to recover from Defendants one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

### FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations

### (Against all Defendants)

87.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

88.    At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff's and class members' employment by Defendants.

89.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

90.    At all relevant times, California Labor Code section 226.7 provides that no

employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.  To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call.  A rest period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257, 269-270 (2016).  Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at their regular rates of pay for each work day that a required rest period was not authorized and permitted.

91.    During the relevant time period, Defendants have regularly failed to authorize and permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof.  As with meal periods, Defendants' company-wide practices of understaffing and assignment of heavy workloads have prevented Plaintiff and class members from being relieved of all duty to take their rest periods.  Additionally, Defendants have failed to schedule rest periods, which, coupled with Defendants' failure to provide adequate rest period coverage, further led to Plaintiff and class members not being authorized and permitted to take compliant rest periods.

92.    Furthermore, upon information and belief, during the relevant time period, Defendants have maintained and implemented a company-wide on-premises rest period policy, which mandates that Plaintiff and/or class members remain on the work premises during their rest periods.  Because Plaintiff and/or class members have been restricted from leaving the premises during rest periods, they were denied the ability to use their rest periods freely for their own purposes, such as running personal errands.  Thus, Defendants effectively maintain control over Plaintiff and/or class members during rest periods.

93.    As a result of Defendants' practices and policies, Plaintiff and class members worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled.  For example,

1    Plaintiff has and continues to miss his rest periods to meet Defendants' assigned workload and

2    due to Defendants' lack of rest period coverage.  Plaintiff's rest periods have also been

3    interrupted by Defendants' management contacting Plaintiff to discuss work-related issues.

4         94.    Defendants have also engaged in a systematic, company-wide practice and/or

5    policy of not paying rest period premiums owed when rest periods are not authorized and

6    permitted.  Because of this practice and/or policy, Plaintiff and class members have not

7    received premium pay for all missed rest periods.  Alternatively, on information and belief, to

8    the extent that Defendants did pay Plaintiff and class members one (1) additional hour of

9    premium pay for missed rest periods, Defendants did not pay Plaintiff and class members at

10    the correct rate of pay for premiums because Defendants failed to include all forms of

11    compensation, such incentive pay, nondiscretionary bonuses, and/or other forms of

12    remuneration, in the regular rate of pay.  As a result, Defendants denied Plaintiff and class

13    members rest periods and failed to pay them rest period premiums due, in violation of

14    California Labor Code sections 226.7 and 516, and the applicable IWC Wage Order.

15         95.    Defendants' conduct violates the applicable IWC Wage Order and California

16    Labor Code sections 226.7, 516, and 1198.  Plaintiff and class members are therefore entitled

17    to recover from Defendants one (1) additional hour of pay at the employee's regular rate of

18    compensation for each work day that a compliant rest period was not authorized and

19    permitted.

20    **FIFTH CAUSE OF ACTION**

21    **Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage**

22    **Statements and Failure to Maintain Accurate Payroll Records**

23    **(Against all Defendants)**

24         96.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

25    and every allegation set forth above.

26         97.    At all relevant times herein set forth, California Labor Code section 226(a)

27    provides that every employer shall furnish each of his or her employees an accurate and

28    complete itemized wage statement in writing, including, but not limited to, the name and

1   address of the legal entity that is the employer, the inclusive dates of the pay period, total

2   hours worked, and all applicable rates of pay.

3       98.    At all relevant times, Defendants have knowingly and intentionally provided

4   Plaintiff and Subclass members with uniform, incomplete, and inaccurate wage statements.

5   For example, Defendants issued uniform wage statements to Plaintiff and Subclass members

6   that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all

7   applicable hourly rates in effect during the pay period, including rates of pay for overtime

8   wages and/or meal and rest period premiums, and the corresponding number of hours worked

9   at each hourly rate.  Specifically, Defendants violated sections 226(a)(1), 226(a)(2), 226(a)(5),

10  and 226(a)(9).

11      99.    Because Defendants did not accurately record the time Plaintiff and Subclass

12  members spent working off-the-clock and deducted time from their records for meal periods

13  that were interrupted and/or missed (and therefore time for which they should have been paid),

14  Defendants did not list the correct amount of gross wages and net wages earned by Plaintiff

15  and Subclass members in compliance with sections 226(a)(1) and 226(a)(5).  For the same

16  reason, Defendants failed to accurately list the total number of hours worked by Plaintiff and

17  Subclass members in violation of section 226(a)(2), and failed to list the applicable hourly

18  rates of pay in effect during the pay period and corresponding accurate number of work hours

19  worked at each hourly rate in violation of section 226(a)(9).

20      100.   Additionally, because Defendants did not calculate Plaintiff's and Subclass

21  members' regular rate of pay correctly for purposes of paying overtime wages and/or meal and

22  rest period premiums, Defendants did not list the correct amount of gross wages in compliance

23  with section 226(a)(1).  For the same reason, Defendants failed to list the correct amount of

24  net wages in violation of section 226(a)(5).  Defendants also failed to correctly list all

25  applicable hourly rates in effect during the pay period, namely, correct rates of pay for

26  overtime wages and/or meal and rest period premiums, in violation of section 226(a)(9).

27      101.   The wage statement deficiencies also include, without limitation, failing to list

28  the number of piece-rate units earned and any applicable piece rate if the employee is paid on

a piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period

for which employees were paid; failing to list the name of the employee and only the last four

digits of his or her social security number or an employee identification number other than a

social security number; failing to list the name and address of the legal entity that is the

employer; and/or failing to state all hours worked as a result of not recording or stating hours

worked off-the-clock.

102.    California Labor Code section 1174(d) provides that "[e]very person employing

labor in this state shall . . . [k]eep a record showing the names and addresses of all employees

employed and the ages of all minors" and "[k]eep, at a central location in the state or at the

plants or establishments at which employees are employed, payroll records showing the hours

worked daily by and the wages paid to, and the number of piece-rate units earned by and any

applicable piece rate paid to, employees employed at the respective plants or

establishments. . . ."  At all relevant times, and in violation of Labor Code section 1174(d),

Defendants willfully failed to maintain accurate payroll records for Plaintiff and Subclass

members showing the daily hours they worked and the wages paid thereto as a result of failing

to record the off-the-clock hours that they worked.

103.    California Labor Code section 1198 provides that the maximum hours of work

and the standard conditions of labor shall be those fixed by the Labor Commissioner and as

set forth in the applicable IWC Wage Order.  Section 1198 further provides that "[t]he

employment of any employees for longer hours than those fixed by the order or under

conditions of labor prohibited by the order is unlawful."  Pursuant to the applicable IWC

Wage Order, employers are required to keep accurate time records showing when the

employee begins and ends each work period.  During the relevant time period, Defendants

engaged in company-wide practices and/or policies of failing to record actual hours worked,

(including falsifying time records by recording that compliant meal periods were taken

regardless of if or when meal periods were actually taken), and thereby failed, on a company-

wide basis, to keep accurate records of work period and meal period start and stop times for

Plaintiff and Subclass members, in violation of section 1198.

104.    Plaintiff and Subclass members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code § 204—Failure to Timely Pay Wages During Employment**

**(Against all Defendants)**

105.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

106.    This cause of action is dependent upon, and wholly derivative of, the overtime wages, minimum wages, and/or meal and rest period premiums, that were not timely paid to Plaintiff and class members during their employment.

107.    At all times relevant herein set forth, Labor Code section 204 provides that all wages earned by any person in any employment between the first (1st) and the fifteenth (15th) days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of the month during which the labor was performed.  Labor Code section 204 further provides that all wages earned by any person in any employment between the sixteenth (16th) and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the first (1st) and the tenth (10th) day of the following month.

108.    At all times relevant herein, Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Alternatively, at all times relevant herein, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

109.    During the relevant time period, Defendants willfully failed to pay Plaintiff and class members all wages due including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within the time periods specified by California Labor Code section 204.

110.    Defendants' failure to pay Plaintiff and class members all wages due violates Labor Code section 204.  Plaintiff and class members are therefore entitled to recover from Defendants the statutory penalty wages pursuant to California Labor Code section 210.

**SEVENTH CAUSE OF ACTION**

**Violation of California Labor Code § 2802—Unpaid Business-Related Expenses**

**(Against all Defendants)**

111.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

112.    At all times herein set forth, California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures and losses incurred by the employee in the performance of his or her job.  The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees.  *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).  The applicable wage order, IWC Wage Order No. 7-2001, provides that: "[w]hen the employer requires the use of tools or equipment or they are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage may provide and maintain hand tools and equipment customarily required by the particular trade or craft."

113.    During the relevant time period, Defendants, on a company-wide basis, have required that Plaintiff and class members use their own personal mobile devices, including, but not limited to, cellular phones, and/or mobile data to carry out their job duties, but have failed to reimburse them for the costs of their work-related mobile device expenses.  For example, Plaintiff and class members are, and have been required to use their personal mobile devices in the performance of their duties, including responding to work-related calls or text

messages from Defendants' management.  In addition, Plaintiff was required to download the UKG mobile application on his personal mobile device to access and use Defendants' timekeeping system.  Although Defendants have required Plaintiff and class members to utilize their personal mobile devices and/or mobile data to carry out their work-related responsibilities, Defendants have failed to reimburse them for these costs.

114.    Defendants could have provided Plaintiff and class members with the actual equipment for use on the job, such as company mobile devices; or Defendants could have reimbursed employees for the costs of their mobile device usage.  Instead, Defendants passed these operating costs off onto Plaintiff and class members.  At all relevant times, Plaintiff did not earn at least two (2) times the minimum wage.

115.    Defendants' company-wide policy and/or practice of passing on their operating costs to Plaintiff and class members violates California Labor Code section 2802.  Defendants have intentionally and willfully failed to reimburse Plaintiff and class members for necessary business-related expenses and costs.

116.    Plaintiff and class members are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest.

### EIGHTH CAUSE OF ACTION

**For Civil Penalties Pursuant to California Labor Code §§ 2698, *et seq.***

**(Against all Defendants)**

117.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

118.    California Labor Code §§ 2698, *et seq.* ("PAGA") permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in Labor Code section 2699.5.  Section 2699.5 enumerates Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, and 2802.  Labor Code section 2699.3(c) permits aggrieved employees, including Plaintiff, to recover civil penalties for violations of those Labor Code sections not found in section 2699.5, including sections 516 and 1182.12.

119.    Defendants' conduct, as alleged herein, violates numerous sections of the California Labor Code, including, but not limited to, the following:

(a)    Violation of Labor Code sections 510 and 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with all required overtime pay, as alleged herein;

(b)    Violation of Labor Code sections 226.7, 510, and 1198, and the applicable IWC Wage Order for Defendants' failure to include all forms of remuneration in the "regular rate" of pay as required by law for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and other aggrieved employees, as alleged herein;

(c)    Violation of Labor Code sections 1182.12. 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order for Defendants' failure to compensate Plaintiff and other aggrieved employees with at least minimum wages for all hours worked, as alleged herein;

(d)    Violation of Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order for Defendants' failure to provide Plaintiff and other aggrieved employees with meal periods, as alleged herein;

(e)    Violation of Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order for Defendants' failure to authorize and permit Plaintiff and other aggrieved employees to take rest periods, as alleged herein;

(f)    Violation of Labor Code sections 226(a) and 1198, and the applicable IWC Wage Order for failure to provide accurate and complete wage statements to Plaintiff and other aggrieved employees, as alleged herein;

(g)    Violation of Labor Code sections 1174(d) and 1198, and the applicable IWC Wage Order for failure to maintain payroll records, as alleged herein;

(h)    Violation of Labor Code sections 201 and 202 for failure to pay all

earned wages upon termination, as set forth below;

(i)    Violation of Labor Code section 204 for failure to pay all earned wages during employment, as alleged herein;

(j)    Violation of Labor Code section 1198 and the applicable IWC Wage Order for failure to provide suitable seating, as set forth below; and

(k)    Violation of Labor Code section 2802 for failure to reimburse Plaintiff and other aggrieved employees for all business expenses necessarily incurred, as alleged herein.

120.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

121.    Defendants willfully have failed to pay other aggrieved employees who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

122.    Defendants' failure to pay other aggrieved employees who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201 and 202. Other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 256 and/or 2699(a), (f), and (g).

123.    At all relevant times herein, California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of

labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

124.    California Code of Regulations, Title 8, section 11070(14)(A) provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

125.    Defendants' California stores are generally similar in their layout and design and there was, and continues to be, space behind cash wraps to allow for the presence and use of a seat or stool by other aggrieved employees (with reasonable or no modification to these work areas) during the performance of their work duties.  Defendants could have provided other aggrieved employees with a seat or stool at their cash wraps, but instead denied them seating and forced other aggrieved employees to stand throughout the day.

126.    Other aggrieved employees spent a portion substantial portion of their day behind or at these cash wraps.  The nature of the work of an employee performing cashier duties can reasonably be accomplished from a seated position.  However, Defendants systematically, and on a company-wide basis, do not provide seats or stools at or near the cash wraps, forcing other aggrieved employees to stand throughout their work shifts.

127.    Defendants violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14)(A), because other aggrieved employees were not allowed to sit, even when it would not have interfered with the performance of their duties, nor were they provided with suitable seats.  Defendants' management did not inform other aggrieved employees that they were allowed to sit down, provide any means for them to sit down, or mention any policy regarding sitting.

128.    As a result of Defendants' company-wide policy and/or practice of prohibiting employees from sitting during their shifts and company-wide failure to provide suitable seating, other aggrieved employees were forced to stand during shifts and denied seats. Defendants' failure to provide suitable seating to other aggrieved employees violated and continues to violate California Labor Code section 1198 and IWC Wage Order No. 7-2001,

1   subdivision 14(A).  Other aggrieved employees are therefore entitled to recover civil penalties

2   pursuant to Labor Code sections 2699(a), (f), and (g).

3   129.    California Code of Regulations, Title 8, section 11070 subdivision 14(B)

4   provides that "[w]hen employees are not engaged in the active duties of their employment and

5   the nature of the work requires standing, an adequate number of suitable seats shall be placed

6   in reasonable proximity to the work area and employees shall be permitted to use such seats

7   when it does not interfere with the performance of their duties."

8   130.    During the relevant time period, Defendants violated California Labor Code

9   section 1198 and California Code of Regulations, Title 8, section 11070(14)(B), because other

10  aggrieved employees were not allowed to sit, even during lulls in their work duties, nor were

11  they provided with suitable seats in reasonable proximity to their work areas.

12  131.    Defendants' California stores are generally similar in their layout and design

13  and there was, and continues to be, space near their work areas (with reasonable or no

14  modification to these work areas) to allow for the presence and use of a seat or stool by other

15  aggrieved employees during lulls in operation.  Defendants could have provided other

16  aggrieved employees with a seat or stool in their work areas, but instead denied other

17  aggrieved employees suitable seating altogether and effectively forced other aggrieved

18  employees to stand throughout the day.

19  132.    Defendants did not provide other aggrieved employees with seats or stools in

20  reasonable proximity to their work areas to allow them to use seats when it would not interfere

21  with the performance of their duties for times when they were not engaged in active duties

22  that require standing.  In other words, to the extent other aggrieved employees engaged in

23  duties in which the nature of the work required standing, Defendants denied them the use of

24  seats nearby during lulls in their work duties.  Moreover, Defendants did not inform other

25  aggrieved employees of their rights to a seat or stool under California law.

26  133.    As a result of Defendants' company-wide policy and/or practice of prohibiting

27  employees from sitting at any time, even when they were not engaged in active duties

28  requiring standing, and company-wide failure to provide seats in reasonable proximity to their

work areas, other aggrieved employees were forced to stand during shifts and denied seats. Defendants' failure to provide suitable seating to other aggrieved employees violated and continues to violate California Labor Code section 1198 and IWC Wage Order No. 7-2001, subdivision 14(B).  Other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 2699(a), (f), and (g).

134.    At all relevant times herein, California's Wage Theft Prevention Act was enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment.  Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written notice to employees containing basic and material payroll information, including, among other things, the rate(s) of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, the regular payday designated by the employer, and any allowances claims as part of the minimum wage, including meal or lodging allowances.  Labor Code § 2810.5(a)(1)(A)-(C).

135.    At all relevant times, on information and belief, Defendants failed, on a company-wide basis, to provide written notice to Plaintiff and other aggrieved employees that lists the requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C). Defendants' failure to provide Plaintiff and other aggrieved employees with written notice of basic information regarding their employment with Defendants is in violation of Labor Code section 2810.5.  Plaintiff and other aggrieved employees are therefore entitled to recover civil penalties pursuant to Labor Code sections 2699(a), (f), and (g).

**NINTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§ 17200, *et seq.* –**

**Unlawful Business Practices**

**(Against all Defendants)**

136.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

and every allegation set forth above.

137.    Defendants are "persons" as defined by California Business & Professions Code section 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

138.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful business practices.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

139.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq*.

140.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

        (a)    Requiring non-exempt, hourly paid employees, including Plaintiff and class members, to work overtime without paying them proper compensation in violation of California Labor Code sections 510 and 1198, and the applicable IWC Wage Order, as alleged herein;

        (b)    Failing to include all forms of remuneration in the "regular rate" of pay as required by law for purposes of paying overtime wages and/or meal and rest period premiums to Plaintiff and class members in violation of California Labor Code sections 226.7, 510, and 1198, and the applicable IWC Wage Order, as alleged herein;

        (c)    Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order, as alleged herein;

(d)   Failing to provide uninterrupted meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(e)   Failing to authorize and permit Plaintiff and class members to take uninterrupted rest periods in violation of California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(f)   Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order, as alleged herein;

(g)   Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204, as alleged herein;

(h)   Failing to reimburse Plaintiff and class members for all business expenses necessarily incurred in violation of California Labor Code section 2802, as alleged herein; and

(i)   Failing to provide written notice of information material to Plaintiff's and class members' employment with Defendants in violation of California Labor Code section 2810.5(a)(1)(A)-(C), as set forth below.

141.   At all relevant times herein, California's Wage Theft Prevention Act was enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment.  Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written notice to employees containing basic and material payroll information, including, among other things, the rate(s) of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, the regular payday designated by the employer, and any

1    allowances claims as part of the minimum wage, including meal or lodging allowances.  Labor
2    Code § 2810.5(a)(1)(A)-(C).

3        142.    At all relevant times, on information and belief, Defendants failed, on a
4    company-wide basis, to provide written notice to Plaintiff and class members that lists the
5    requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C).  Defendants' failure
6    to provide Plaintiff and class members with written notice of basic information regarding their
7    employment with Defendants is in violation of California Labor Code section 2810.5.

8        143.    As a result of the violations of California law herein described, Defendants
9    unlawfully gained an unfair advantage over other businesses.  Plaintiff and class members
10    have suffered pecuniary loss by Defendants' unlawful business acts and practices alleged
11    herein.

12        144.    Pursuant to California Business & Professions Code sections 17200, *et seq.*,
13    Plaintiff and class members are entitled to restitution of the wages withheld and retained by
14    Defendants during a period that commences four years prior to the filing of this complaint; a
15    permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and
16    class members; and an award of attorneys' fees pursuant to California Code of Civil
17    Procedure section 1021.5 and other applicable laws; and an award of costs.

18                      **TENTH CAUSE OF ACTION**

19    **Violation of California Business & Professions Code §§ 17200, *et seq*. –**

20                     **Unfair Business Practices**

21                      **(Against all Defendants)**

22        145.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each
23    and every allegation set forth above.

24        146.    Defendants are "persons" as defined by California Business & Professions
25    Code section 17201, as they are corporations, firms, partnerships, joint stock companies,
26    and/or associations.

27        147.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,
28    and harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered

1    injury in fact and has lost money as a result of Defendants' unfair business practices. Plaintiff

2    seeks to enforce important rights affecting the public interest within the meaning of Code of

3    Civil Procedure section 1021.5.

4        148.    Defendants' activities, namely Defendants' company-wide practice and/or

5    policy of not paying Plaintiff and class members all meal and rest period premiums due to

6    them under Labor Code section 226.7, deprived Plaintiff and class members of the

7    compensation guarantee and enhanced enforcement implemented by section 226.7. The

8    statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to

9    compensate employees, and secondarily to shape employer conduct." *Safeway, Inc. v.*

10   *Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section 226.7

11   were guaranteed to Plaintiff and class members as part of their employment with Defendants,

12   and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an

13   unfair business practice in violation of California Business & Professions Code sections

14   17200, *et seq.* (*Id.*)

15       149.    A violation of California Business & Professions Code sections 17200, *et seq.*

16   may be predicated on any unfair business practice. In the instant case, Defendants' policies

17   and practices have violated the spirit of California's meal and rest period laws and constitute

18   acts against the public policy behind these laws.

19       150.    Pursuant to California Business & Professions Code sections 17200, *et seq.*,

20   Plaintiff and class members are entitled to restitution for the class-wide loss of the statutory

21   benefits implemented by section 226.7 withheld and retained by Defendants during a period

22   that commences four years prior to the filing of this complaint; a permanent injunction

23   requiring Defendants to pay all statutory benefits implemented by section 226.7 due to

24   Plaintiff and class members; an award of attorneys' fees pursuant to California Code of Civil

25   Procedure section 1021.5 and other applicable laws; and an award of costs.

26                       **REQUEST FOR JURY TRIAL**

27       Plaintiff requests a trial by jury.

28   //

FIRST AMENDED CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.    For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff reserves the right to amend his prayer for relief to seek a different amount.

**Class Certification**

2.    That this case be certified as a class action;

3.    That Plaintiff be appointed as the representative of the Class and Subclass;

4.    That counsel for Plaintiff be appointed as class counsel.

**As to the First Cause of Action**

5.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198, and the applicable IWC Wage Order by willfully failing to pay all overtime wages due to Plaintiff and class members;

6.    For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due, or as otherwise provided by law;

8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

9.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

10.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order by willfully failing to pay minimum wages to Plaintiff and class members;

11.    For general unpaid wages and such general and special damages as may be appropriate;

12.     For pre-judgment interest on any unpaid compensation from the date such amounts were due, or as otherwise provided by law;

13.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

14.     For liquidated damages pursuant to California Labor Code section 1194.2; and

15.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16.     That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order by willfully failing to provide all meal periods to Plaintiff and class members;

17.     That the Court make an award to the Plaintiff and class members of one (1) hour of pay at each employee's regular rate of pay for each workday that a meal period was not provided;

18.     For all actual, consequential, and incidental losses and damages, according to proof;

19.     For premiums pursuant to California Labor Code section 226.7(c);

20.     For pre-judgment interest on any unpaid meal period premiums from the date such amounts were due, or as otherwise provided by law;

21.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

22.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order by willfully failing to authorize and permit Plaintiff and class members to take all rest periods;

24.     That the Court make an award to the Plaintiff and class members of one (l) hour

of pay at each employee's regular rate of pay for each workday that a rest period was not authorized and permitted;

25.     For all actual, consequential, and incidental losses and damages, according to proof;

26.     For premiums pursuant to California Labor Code section 226.7(c);

27.     For pre-judgment interest on any unpaid rest period premiums from the date such amounts were due, or as otherwise provided by law;

28.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5, or as otherwise provided by law; and

29.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

30.     That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and the applicable IWC Wage Order as to Plaintiff and Subclass members, and willfully failed to provide accurate itemized wage statements thereto;

31.     For all actual, consequential, and incidental losses and damages, according to proof;

32.     For injunctive relief pursuant to California Labor Code section 226(h);

33.     For statutory penalties pursuant to California Labor Code section 226(e);

34.     For attorneys' fees and costs pursuant to California Labor Code section 226(e)(1); and

35.     For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

36.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to timely pay Plaintiff and class members overtime wages, minimum wages, and/or meal and rest period premiums during their

1  employment;

2    37.    For all actual, consequential and incidental losses and damages, according to

3  proof;

4    38.    For statutory penalties according to proof pursuant to California Labor Code

5  section 210;

6    39.    For pre-judgment interest on any unpaid wages from the date such amounts

7  were due, or as otherwise provided by law;

8    40.    For attorneys' fees pursuant to California Code of Civil Procedure section

9  1021.5, or as otherwise provided by law; and

10    41.    For such other and further relief as the Court may deem equitable and

11  appropriate.

12                          **As to the Seventh Cause of Action**

13    42.    That the Court declare, adjudge and decree that Defendants violated California

14  Labor Code section 2802 by willfully failing to reimburse and/or indemnify all business-

15  related expenses and costs incurred by Plaintiff and class members;

16    43.    For unpaid business-related expenses and such general and special damages as

17  may be appropriate;

18    44.    For pre-judgment interest on any unpaid business-related expenses from the

19  date such amounts were due, or as otherwise provided by law;

20    45.    For all actual, consequential, and incidental losses and damages, according to

21  proof;

22    46.    For attorneys' fees and costs pursuant to California Labor Code section

23  2802(c), or as otherwise provided by law; and

24    47.    For such other and further relief as the Court may deem equitable and

25  appropriate.

26                          **As to the Eighth Cause of Action**

27    48.    That the Court declare, adjudge and decree that Defendants violated the

28  following California Labor Code provisions as to Plaintiff and/or other aggrieved employees:

510 and 1198 (by failing to pay all overtime compensation); 226.7, 510, and 1198 (by failing to include all forms of remuneration in the "regular rate" of pay for purposes of paying overtime wages and/or meal and rest period premiums); 1182.12, 1194, 1197, 1197.1, and 1198 (by failing to pay at least minimum wages for all hours worked); 226.7, 512(a), 516, and 1198 (by failing to provide all meal periods); 226.7, 516, and 1198 (by failing to authorize and permit all rest periods); 226(a), 1174(d), and 1198 (by failing to provide accurate wage statements and maintain accurate payroll records); 201 and 202 (by failing to timely pay all earned wages upon termination); 204 (by failing to timely pay all earned wages during employment); 1198 and the applicable IWC Wage Order (by failing to provide suitable seating); 2802 (by failing to reimburse business expenses); and 2810.5 (by failing to provide notice of material terms of employment);

49.  For civil penalties pursuant to the California Labor Code, including sections 210, 226.3, 256, 558, 1174.5, 1197.1, and/or 2699(a), (f), and (g), for violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, and 2810.5;

50.  For attorneys' fees and costs pursuant to California Labor Code section 2699(g)(1), and any and all other relevant statutes, for Defendants' violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, and 2810.5;

51.  For pre-judgment and post-judgment interest as provided by law; and

52.  For such other and further relief as the Court may deem equitable and appropriate.

**As to the Ninth Cause of Action**

53.  That the Court declare, adjudge and decree that Defendants' conduct of failing to provide Plaintiff and class members all overtime wages due to them, failing to include all forms of remuneration in the "regular rate" of pay for purposes of paying overtime and/or meal period premiums to Plaintiff and class members, failing to provide Plaintiff and class members all minimum wages due to them, failing to provide Plaintiff and class members all

meal periods, failing to authorize and permit Plaintiff and class members to take all rest periods, failing to provide Plaintiff and class members accurate and complete wage statements, failing to maintain accurate payroll records for Plaintiff and class members, failing to timely pay Plaintiff and class members all earned wages during employment, failing to reimburse Plaintiff and class members for business-related expenses, and failing to provide written notice of material terms of employment, constitutes an unlawful business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

54.    For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

55.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200, *et seq.*;

56.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

57.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Tenth Cause of Action**

58.    That the Court declare, adjudge and decree that Defendants' conduct of denying Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an unfair business practice in violation of California Business and Professions Code sections 17200, *et seq.*;

59.    For restitution of the statutory benefits under section 226.7 unfairly withheld from Plaintiff and class members and prejudgment interest from the day such amounts were due and payable;

60.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections

17200, *et seq.*;

61.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

62.    For pre-judgment and post-judgment interest as provided by law; and

63.    For such other and further relief as the Court may deem equitable and appropriate.


Dated: January 24, 2023                 Respectfully submitted,

                                        Capstone Law APC


                                  By:    */s/ Roxanna Tabatabaeepour*
                                        Orlando Villalba
                                        Helga Hakimi
                                        Roxanna Tabatabaeepour

                                        Attorneys for Plaintiff Alexander Wilson

# EXHIBIT "1"

# Capstone
## LAW APC

1875 Century Park East, Suite 1000
Los Angeles, California 90067
310.556.4811 Main | 310.943.0396 Fax

SAIRAH BUDHWANI
310.929.5455 Direct
Sairah.Budhwani@capstonelawyers.com

November 8, 2022

<u>VIA ONLINE SUBMISSION</u>

California Labor & Workforce Development Agency
ATTN: PAGA Administrator
(https://dir.tfaforms.net/308)

Subject:        *Alexander Wilson v. Recreational Equipment, Inc.*

Dear PAGA Administrator:

This office represents Alexander Wilson in connection with his claims under the California Labor Code.  Mr. Wilson is an employee of RECREATIONAL EQUIPMENT, INC. ("REI").

The employer may be contacted directly at the addresses below:

RECREATIONAL EQUIPMENT, INC.
1700 45TH STREET E
SUMNER, WA 98352

Mr. Wilson intends to seek civil penalties, attorney's fees, costs, and other available relief for violations of the California Labor Code, which are recoverable under sections 2698, *et seq.*, the Labor Code Private Attorneys General Act of 2004 ("PAGA").  Mr. Wilson seeks relief on behalf of himself, the State of California, and other persons who are or were employed by REI as a non-exempt, hourly paid employee in California and who received at least one wage statement ("aggrieved employees").  This letter is sent in compliance with the notice and reporting requirements of California Labor Code section 2699.3.

REI has employed Mr. Wilson as an hourly paid, non-exempt Shop Mechanic since approximately May 2021.  Mr. Wilson typically works eight (8) or more hours per day and five (5) days per week.  Mr. Wilson works at REI's retail store located in Sacramento, California.  Mr. Wilson is compensated approximately $21.50 per hour.  His job duties include, without limitation, assembling, servicing, and repairing recreational equipment such as bikes, skis, and snowboards, promoting sales of REI's goods and services, and providing customer service.

REI committed one or more of the following Labor Code violations against Mr. Wilson, the facts and theories of which follow, making him an "aggrieved employee" pursuant to California Labor Code section 2699(c): [1]

**REI's Company-Wide and Uniform Payroll and HR Practices**

RECREATIONAL EQUIPMENT, INC. is a Washington corporation and a specialty outdoor retailer that sells sports equipment, camping gear, travel equipment, and clothing, along with outdoor oriented vacations and courses.  There are approximately 30 REI store locations in California.  Upon information and belief, REI maintains a single, centralized Human Resources (HR) department at its corporate headquarters in Kent, Washington, for all non-exempt, hourly paid employees working for REI in California, including Mr. Wilson and other aggrieved employees.  At all relevant times, REI issued and maintained uniform, standardized scheduling and timekeeping practices and procedures for all non-exempt, hourly paid employees in California, including Mr. Wilson and other aggrieved employees, regardless of their location or position.

Upon information and belief, REI maintains a centralized Payroll department at its corporate headquarters in Kent, Washington, which processes payroll for all non-exempt, hourly paid employees working for REI in California, including Mr. Wilson and other aggrieved employees.  Further, REI issues the same formatted wage statements in the same manner for all non-exempt, hourly paid employees working in California, including Mr. Wilson and other aggrieved employees, irrespective of their location, position, or manner in which each employee's employment ended.  In other words, REI utilized the same methods and formulas when calculating wages due to Mr. Wilson and other aggrieved employees in California.

**Violation of California Labor Code §§ 510 and 1198 – Unpaid Overtime**

California Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order require employers to pay employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek at the rate of time-and-one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.  The applicable IWC Wage Order further provides that employers are required to pay employees working more than twelve (12) hours in a day overtime compensation at a rate of two (2) times their regular rate of pay.  An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

REI willfully failed to pay all overtime wages owed to Mr. Wilson and other aggrieved employees.  During the relevant time period, Mr. Wilson and other aggrieved employees were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve

---

[1] These facts, theories, and claims are based on Mr. Wilson's experience and counsel's review of those records currently available relating to Mr. Wilson's employment.  Discovery conducted in litigation of wage and hour claims such as these often reveals additional claims that the aggrieved employee was not initially aware of (because the aggrieved employee was not aware of the law's requirements, the employer misinformed its employee of the law's requirements, or because the employer effectively hid the violations).  In addition, Mr. Wilson is still employed with REI and continues to suffer ongoing wage and hour violations.  Thus, Mr. Wilson reserves the right to supplement this letter with additional facts, theories, and claims if he becomes aware of them subsequent to the submission of this letter.

(12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours that they worked were not recorded.

First, REI had, and continues to have, a company-wide policy and/or practice of discouraging and impeding Mr. Wilson and other aggrieved employees from recording hours worked that are outside of their scheduled shifts in order to limit the amount of overtime employees can accrue. On information and belief, REI's policy of discouraging and limiting overtime, coupled with REI's practice of assigning heavy workloads and understaffing (*see infra*), led Mr. Wilson and other aggrieved employees to work off-the-clock outside of their scheduled shift times in order to complete their assigned tasks. For example, when Mr. Wilson clocked out at the end of his scheduled shift, REI's management required him to wait while closing duties were performed by other employees, which could take up to 10 minutes. As another example, after clocking out of his shifts and on his days off, Mr. Wilson was required to answer work-related phone calls and text messages from REI's management.

As a further example, for about a six-month period, REI implemented, on a company-wide basis, an employer-imposed requirement that Mr. Wilson and other aggrieved employees undergo mandatory COVID-19 temperature checks before clocking in for their scheduled shifts. During this time, Mr. Wilson was required to spend time undergoing a mandatory temperature check before being permitted to clock in for his shift. Even though REI required these temperature checks, REI did not provide Mr. Wilson and other aggrieved employees with a mechanism to record this time so they could be compensated for the time spent undergoing mandatory temperature checks.

Second, REI had, and continues to have, a company-wide policy and/or practice of understaffing their stores while assigning heavy workloads. REI's policies and/or practices resulted in a failure to provide Mr. Wilson and other aggrieved employees with adequate meal period coverage, and thus, Mr. Wilson and other aggrieved employees are and were not always afforded uninterrupted 30-minute meal periods during shifts when they were entitled to receive a meal period. REI also had a practice of failing to adhere to a schedule for meal periods, which has further caused Mr. Wilson and other aggrieved employees to not be relieved of their duties for complaint meal periods. For example, Mr. Wilson's meal periods have been interrupted several times by REI's managers inquiring about work assignments. On other occasions, Mr. Wilson has missed his meal periods entirely due to the heavy workload. Thus, Mr. Wilson and other aggrieved employees have missed meal periods and/or had meal periods cut short or interrupted in order to complete their assigned workloads. REI has not compensated Mr. Wilson and other aggrieved employees for the time they spent working off the clock during meal periods.

Third, on information and belief, because REI frowns upon employees accruing meal period penalties, REI's management has pressured Mr. Wilson and other aggrieved employees to clock out for meal periods and/or has adjusted their time records to reflect compliant meal periods, even when they did not receive a compliant meal period. In addition, REI's company-wide timekeeping system has prevented Mr. Wilson and other aggrieved employees from recording all hours worked when their meal periods are shortened or interrupted, because the system locks out Mr. Wilson and other aggrieved employees once they clock out for a meal period, and does not permit them to clock back in from a meal period before 30 minutes have elapsed. Thus, REI has not recorded all hours worked during meal periods and Mr. Wilson and other aggrieved employees have performed work during meal periods for which they were not paid.

3

REI knew or should have known that, as a result of these company-wide practices and/or policies, Mr. Wilson and other aggrieved employees were performing their assigned duties off-the-clock before, after, and otherwise outside of their scheduled shifts and during meal periods, and were suffered or permitted to perform work for which they were not paid.  Because Mr. Wilson and other aggrieved employees sometimes worked shifts of eight (8) hours a day or more, or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay.

Furthermore, REI has not paid Mr. Wilson and other aggrieved employees the correct overtime rate for the recorded overtime hours that they have generated.  In addition to an hourly wage, REI pays Mr. Wilson and other aggrieved employees incentive pay, nondiscretionary bonuses, and/or other forms of remuneration.  However, in violation of the California Labor Code, REI has failed to incorporate all compensation, including incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate.  Therefore, during times when Mr. Wilson and other aggrieved employees have worked overtime and received these other forms of pay, REI has failed to pay all overtime wages by paying a lower overtime rate than required.

For example, REI paid Mr. Wilson and other aggrieved employees incentive pay and/or nondiscretionary bonuses based on store sales performance and/or other bases.  Some of these forms of incentive pay and/or nondiscretionary bonuses are listed on Mr. Wilson's and other aggrieved employees' wage statements as "Summit (STIP)" and "Lump Sum Bonus."  During pay periods that Mr. Wilson and other aggrieved employees were paid overtime wages, REI did not incorporate the incentive pay and/or nondiscretionary bonuses into Mr. Wilson's and other aggrieved employees' regular rate of pay and, as a result, paid them at incorrect and lower rates of pay for overtime hours worked.  Specifically, REI paid Mr. Wilson and other aggrieved employees 1.5 times their hourly rate of pay instead of 1.5 times their regular rate of pay.  REI's failure to properly calculate the overtime rates of pay based on all remuneration paid has resulted in an underpayment of overtime wages to Mr. Wilson and other aggrieved employees on a company-wide basis.

REI's failure to pay Mr. Wilson and other aggrieved employees the balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198.  Mr. Wilson and other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 558 and/or 2699(a), (f)-(g).

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 – Unpaid Minimum Wages**

California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 require employers to pay employees the minimum wage fixed by the IWC.  The payment of a lesser wage than the minimum so fixed is unlawful.  Compensable work time is defined in IWC Wage Order No. 7-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code. Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

As set forth above, due to REI's restrictions on overtime accrual, REI systematically has failed to pay Mr. Wilson and other aggrieved employees for actual hours worked before, after, and otherwise outside of their scheduled shifts, because these hours were not recorded.  Mr. Wilson and other aggrieved employees have been required to perform work off-the-clock prior to the start of their

shifts, after their shifts, and/or on their days off, including waiting off-the-clock for coworkers to complete closing duties, undergoing mandatory COVID-19 temperature checks, and communicating with management regarding work-related tasks via phone calls or text messages.

Moreover, as set forth above, due to REI's policies and/or practices of understaffing their store locations while assigning heavy workloads and failing to adhere to a schedule for meal periods, Mr. Wilson and other aggrieved employees have been impeded from taking all uninterrupted meal periods to which they are entitled and have been required to work off-the-clock during meal periods. Moreover, as stated, in order to prevent employees from accruing meal period penalties, upon information and belief, REI's management has pressured employees to clock out for meal periods even when meal periods were missed, short, and/or interrupted and/or adjusted their time records to reflect compliant meal periods. In addition, REI's company-wide timekeeping system has prevented Mr. Wilson and other aggrieved employees from entering time worked during meal periods because the system locks out Mr. Wilson and other aggrieved employees for a full 30-minutes. Thus, REI systematically has failed to pay Mr. Wilson and other aggrieved employees for actual hours worked during unpaid meal periods because these hours were not correctly recorded.

Thus, REI did not pay minimum wages for all hours worked by Mr. Wilson and other aggrieved employees. To the extent that these off-the-clock hours did not qualify for overtime premium payment, REI did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

Accordingly, REI regularly failed to pay at least minimum wages to Mr. Wilson and other aggrieved employees for all of the hours they worked in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198. Mr. Wilson and other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 1197.1 and/or 2699(a), (f)-(g).

### Violation of California Labor Code §§ 226.7, 512(a), 516, and 1198 – Failure to Provide Meal Periods

California Labor Code sections 226.7, 512(a), 516, and 1198 and the applicable IWC Wage Order require employers to provide meal periods and to pay an employee one (1) additional hour of pay at the employee's regular rate for each work day that a meal or rest period is not provided. Pursuant to Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order, an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012). Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay at the employee's regular rate, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

During the relevant time period, as set forth above, REI had, and continues to have, company-wide policies and/or practices of understaffing their store locations which, combined with heavy

workloads and a failure to adhere to a schedule for meal periods, resulted in a lack of meal period coverage and prevented Mr. Wilson and other aggrieved employees from taking all timely, uninterrupted meal periods to which they were entitled.

In addition, as set forth above, because REI frowns upon employees accruing meal period penalties, REI's management has pressured employees to clock out for meal periods to reflect compliant meal periods, and/or adjusted their time records to reflect compliant meal periods. In addition, REI's company-wide timekeeping system has prevented Mr. Wilson and other aggrieved employees from entering time worked during meal periods because the system locks out Mr. Wilson and other aggrieved employees for a full 30-minutes.

As a result, Mr. Wilson and other aggrieved employees have had to work through all or part of their meal periods, had their meal periods interrupted, and/or had to wait extended periods of time before taking meal periods. For example, Mr. Wilson has missed his meal periods entirely or took his meal periods late, after having worked in excess of five (5) hours into his shift, in order to meet the store's customer demand and his assigned workload. Moreover, Mr. Wilson's meal periods have been interrupted by REI's supervisors asking him to complete a task after he had already clocked out for his meal period. Also, REI did not provide other aggrieved employees with second 30-minute meal periods on days that they worked in excess of ten (10) hours in one day. Mr. Wilson and other aggrieved employees did not sign valid meal period waivers on days that they were entitled to meal periods and were not relieved of all duties.

At all times herein mentioned, REI knew or should have known that, as a result of these policies, Mr. Wilson and other aggrieved employees were prevented from being relieved of all duties and required to perform some of their assigned duties during meal periods. REI further knew or should have known that it did not pay Mr. Wilson and other aggrieved employees meal period premiums when meal periods were late, interrupted, shortened, and/or missed.

Furthermore, REI engaged in a company-wide practice and/or policy of not paying all meal period premiums owed when compliant meal periods are not provided. Because of this practice and/or policy, Mr. Wilson and other aggrieved employees have not received all premium pay for missed, late, and interrupted meal periods. Alternatively, to the extent that REI did pay Mr. Wilson and/or other aggrieved employees for missed, late, and interrupted meal periods, REI did not pay Mr. Wilson and other aggrieved employees at the correct rate of pay for premiums because REI systematically failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.

Accordingly, REI failed to provide all meal periods in violation of California Labor Code sections 226.7, 512(a), 516, and 1198. Mr. Wilson and other aggrieved employees are entitled to civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 558 and/or 2699(a), (f)-(g).

**Violation of California Labor Code §§ 226.7, 516, and 1198 – Failure to Authorize and Permit Rest Periods**

California Labor Code sections 226.7, 516, and 1198 and the applicable IWC Wage Order require employers to provide rest periods and to pay an employee one (1) additional hour of pay at the employee's regular rate for each work day that a meal or rest period is not provided. California Labor Code section 226.7 provides that no employer shall require an employee to work during any

6

rest period mandated by an applicable order of the California IWC. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

To comply with its obligation to authorize and permit rest periods under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call. A rest period, in short, must be a period of rest." *Augustus, et al. v. ABM Security Services, Inc*., 2 Cal. 5th 257, 269-270 (2016).

During the relevant time period, REI has regularly failed to authorize and permit Mr. Wilson and other aggrieved employees to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof. As with meal periods, REI's company-wide practices of understaffing and assignment of heavy workloads have prevented Mr. Wilson and other aggrieved employees from being able to take rest periods. Additionally, REI has failed to schedule rest periods, which, coupled with REI's failure to provide adequate rest period coverage, further led to Mr. Wilson and other aggrieved employees not being authorized and permitted to take compliant rest periods.

Furthermore, upon information and belief, REI has maintained a company-wide on-premises rest period policy, which mandates that Mr. Wilson and/or other aggrieved employees remain on REI's premises during their rest periods. Because Mr. Wilson and/or other aggrieved employees have been restricted from leaving the premises during rest periods, they are denied the ability to use their rest periods freely for their own purposes, such as running personal errands. Thus, REI effectively maintains control over Mr. Wilson and.or other aggrieved employees during rest periods.

As a result of REI's practices and policies, Mr. Wilson and other aggrieved employees worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving all uninterrupted 10-minute rest periods to which they were entitled. For example, Mr. Wilson has and continues to miss his rest periods to meet REI's assigned workload and due to REI's lack of rest period coverage. Mr. Wilson's rest periods have also been interrupted by REI's management contacting Mr. Wilson to discuss work-related issues.

REI has also engaged in a company-wide practice and/or policy of not paying rest period premiums owed when compliant rest periods are not authorized or permitted. Because of this practice and/or policy, Mr. Wilson and other aggrieved employees have not received premium pay for all missed rest periods. Alternatively, on information and belief, to the extent that REI did pay Mr. Wilson and other aggrieved employees one (1) additional hour of premium pay for missed rest periods, REI did not pay Mr. Wilson and other aggrieved employees at the correct rate of pay for premiums because REI failed to include all forms of compensation, such as incentive pay, nondiscretionary bonuses, and/or other forms of remuneration, in the regular rate of pay.

Accordingly, REI failed to authorize and permit all rest periods in violation of California Labor Code sections 226.7, 516, and 1198. Mr. Wilson and other aggrieved employees are entitled to civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 558 and/or 2699(a), (f)-(g).

**Violation of California Labor Code §§ 226(a), 1174(d), and 1198 – Non-Compliant Wage Statements and Failure to Maintain Accurate Payroll Records**

California Labor Code section 226(a) requires employers to make, keep and provide true, accurate, and complete employment records. REI has not provided Mr. Wilson and other aggrieved employees with properly itemized wage statements. Labor Code section 226(e) provides that if an employer fails to comply with providing an employee with properly itemized wage statements as set forth in 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed $4,000. Further, Labor Code section 226.3 provides that any employer who violates section 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the required records pursuant to Section 226(a).

During the relevant time period, REI has knowingly and intentionally provided Mr. Wilson and other aggrieved employees with uniform, incomplete, and inaccurate wage statements. For example, REI issued uniform wage statements to Mr. Wilson and other aggrieved employees that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages and/or meal and rest period premiums, and the corresponding number of hours worked at each hourly rate. Specifically, REI violated sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9).

Because REI did not record the time Mr. Wilson and other aggrieved employees spent working off-the-clock and deducted time from their records for meal periods that were interrupted and/or missed (and therefore time for which they should have been paid), REI did not list the correct amount of gross wages and net wages earned by Mr. Wilson and other aggrieved employees in compliance with section 226(a)(1) and section 226(a)(5), respectively. For the same reason, REI failed to accurately list the total number of hours worked by Mr. Wilson and other aggrieved employees, in violation of section 226(a)(2), and failed to list the applicable hourly rates of pay in effect during the pay period and the corresponding accurate number of hours worked at each hourly rate, in violation of section 226(a)(9).

Additionally, because REI did not calculate Mr. Wilson's and other aggrieved employees' regular rate of pay correctly for purposes of paying overtime wages and/or meal and rest period premiums, REI did not list the correct amount of gross wages in compliance with section 226(a)(1) and did not list the correct amount of net wages in violation of section 226(a)(5). REI also failed to correctly list all applicable hourly rates in effect during the pay period, namely, correct rates of pay for overtime wages and/or meal and rest period premiums, in violation of section 226(a)(9).

The wage statement deficiencies also include, among other things, failing to list the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period for which aggrieved employees were paid; failing to list the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; failing to list the name and address of the legal entity that is the employer; and/or failing to state all hours worked as a result of not recording or stating the hours they worked off-the-clock.

California Labor Code section 1174(d) provides that "[e]very person employing labor in this state shall . . . [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. . . ."  Labor Code section 1174.5 provides that employers are subject to a $500 civil penalty if they fail to maintain accurate and complete records as required by section 1174(d).  During the relevant time period, and in violation of Labor Code section 1174(d), REI willfully failed to maintain accurate payroll records for Mr. Wilson and other aggrieved employees showing the daily hours they worked and the wages paid thereto as a result of failing to record the off-the-clock hours that they worked.

California Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the applicable IWC Wage Order.  Section 1198 further provides that "[t]he employment of any employees for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."  Pursuant to the applicable IWC Wage Order, employers are required to keep accurate time records showing when the employee begins and ends each work period and meal period.  During the relevant time period, REI engaged in company-wide practices and/or policies of failing to record actual hours worked (including falsifying time records by recording that compliant meal periods were taken regardless of if or when meal periods were actually taken), and thereby failed to keep accurate records of work period and meal period start and stop times for Mr. Wilson and other aggrieved employees, in violation of section 1198.  Also, in light of REI's failure to provide other aggrieved employees with second 30-minute meal periods to which they were entitled, REI kept no records of meal start and end times for second meal periods.

Because REI failed to provide the correct net and gross wages earned, applicable rates of pay, and number of total hours worked on wage statements, Mr. Wilson and other aggrieved employees have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full.  Instead, Mr. Wilson and other aggrieved employees have had to look to sources outside of the wage statements themselves and reconstruct time records to determine whether in fact they were paid correctly and the extent of underpayment, thereby causing them injury.

Mr. Wilson and other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon pursuant to Labor Code sections 226.3, 1174.5, and/or 2699(a), (f)-(g).

**Violation of California Labor Code § 204 – Failure to Timely Pay Wages During Employment**

California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.  Alternatively, California Labor Code section 204 provides that the requirements of this section are

deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

During the relevant time period, REI failed to pay Mr. Wilson and other aggrieved employees all wages due to them, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within any time period specified by California Labor Code section 204.

Mr. Wilson and other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 210 and/or 2699(a), (f)-(g).

**<u>Violation of California Labor Code §§ 201 and 202 – Failure to Timely Pay Final Wages Upon Termination</u>**

California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

REI willfully failed to pay other aggrieved employees who are no longer employed by REI all their earned wages, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving REI's employ.

Other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 256 and/or 2699(a), (f)-(g).

**<u>Violation of California Labor Code § 1198 and California Code of Regulations Title 8, Section 11070 Subdivision 14(A) – Failure to Provide Suitable Seating</u>**

California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."  California Code of Regulations, Title 8, section 11070(14)(A) provides that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats."

"The 'nature of the work' refers to an employee's tasks performed at a given location for which a right to a suitable seat is claimed, rather than a 'holistic' consideration of the entire range of an employee's duties anywhere on the jobsite during a complete shift.  If the tasks being performed at a given location reasonably permit sitting, and provision of a seat would not interfere with performance of any other tasks that may require standing, a seat is called for."  *Kilby v. CVS Pharmacy, Inc.*, 368 P.3d 554, 558 (Cal. 2016).  "Whether the nature of the work reasonably permits sitting is a question to be determined objectively based on the totality of the circumstances.  An employer's business judgment and the physical layout of the workplace are relevant but not dispositive factors.  The inquiry focuses on the nature of the work, not an individual employee's characteristics."  *Id.*  The burden of proof to show suitable seating is not available is on the employer.  *Id.* at 568.  In other

10

words, the employer must show that compliance is "infeasible because no suitable seating exists." *See id.*

REI's California stores are generally similar in their layout and design and there was, and continues to be, space behind cash wraps to allow for the presence and use of a seat or stool by other aggrieved employees (with reasonable or no modification to these work areas) during the performance of their work duties. REI could provide other aggrieved employees with a seat or stool at its cash wraps, but instead denies employees seating and forces other aggrieved employees to stand throughout the day.

Other aggrieved employees spent a substantial portion of their day behind or at these cash wraps. The nature of the work of an employee performing cashier duties can reasonably be accomplished from a seated position. However, as set forth herein, REI systematically, and on a company-wide basis, does not provide seats or stools at or near the cash wraps, forcing other aggrieved employees to stand throughout their work shifts.

REI violated California Labor Code section 1198 and California Code of Regulations, Title 8, section 11070(14)(A) because other aggrieved employees were not allowed to sit, even when it would not have interfered with the performance of their duties, nor were they provided with suitable seats. REI's management did not inform other aggrieved employees that they were allowed to sit down, provide any means for them to sit down, or mention any policy regarding sitting.

As a result of REI's company-wide policy and/or practice of prohibiting employees from sitting during their shifts and company-wide failure to provide suitable seating, other aggrieved employees were forced to stand during shifts and denied seats. REI's failure to provide suitable seating to other aggrieved employees violates California Labor Code section 1198 and IWC Wage Order No. 7-2001, subdivision 14(A).

Other aggrieved employees are therefore entitled to recover civil penalties, attorney's fees, costs, and interest thereon, and seek injunctive relief to bring REI into compliance with California's seating requirements, pursuant to Labor Code sections 1194.5 and/or 2699(a), (f)-(g).

**Violation of California Labor Code § 1198 and California Code of Regulations Title 8, Section 11070 Subdivision 14(B) – Failure to Provide Suitable Seating**

California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful." California Code of Regulations, Title 8, section 11070(14)(B) provides that "[w]hen employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonable proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties."

The IWC states that subdivision 14(B) applies during "lulls in operation" when an employee, while still on the job, is not then actively engaged in any duties. *Kilby v. CVS Pharmacy, Inc.*, 368 P.3d 554, 565 (Cal. 2016), citing IWC, 1976 Wage Orders, Summary of Basic Provisions, Seats. When taken together, an employee is entitled to a seat under subdivision 14(A) if his or her actual tasks at a discrete location make seated work feasible, while working there. *Id.* However, if other job duties

take the employee to a different location where he or she must perform tasks requiring standing, the employee would be entitled to a seat under subdivision 14(B) during "lulls in operation." *Id.*

REI's California stores are generally similar in their layout and design and there was, and continues to be, space near their work areas (which with reasonable or no modification to these work areas) to allow for the presence and use of a seat or stool by other aggrieved employees during lulls in operation. REI could have provided other aggrieved employees with a seat or stool in its work areas, but instead denied, and continues to deny, employees seating, forcing them to stand throughout the day.

REI did not provide other aggrieved employees with seats or stools in reasonable proximity to their work areas to allow them to use seats when it would not interfere with the performance of their duties for times when they were not engaged in active duties that require standing. In other words, to the extent other aggrieved employees engaged in duties in which the nature of the work required standing, REI denied them the use of seats nearby during lulls in their work duties. Moreover, REI did not inform other aggrieved employees of their rights to a seat or stool under California law.

As a result of REI's company-wide policy and/or practice of prohibiting employees from sitting at any time, even when they were not engaged in active duties requiring standing, and company-wide failure to provide seats in reasonable proximity to their work areas, other aggrieved employees were forced to stand during shifts and denied seats. REI's failure to provide suitable seating to other aggrieved employees violates California Labor Code section 1198 and IWC Wage Order No. 7-2001, subdivision 14(B).

Other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, and seek injunctive relief to bring REI into compliance with California's seating requirements, pursuant to Labor Code sections 1194.5 and/or 2699(a), (f)-(g).

### Violation of California Labor Code § 2802 – Unreimbursed Business Expenses

California Labor Code section 2802 requires employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. The purpose of Labor Code section 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014). The applicable wage order, IWC Wage Order No. 7-2001, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

During the relevant time period, REI, on a company-wide basis, has required that Mr. Wilson and other aggrieved employees use their own personal mobile devices, including, but not limited to, cellular phones, and/or mobile data to carry out their job duties, but has failed to reimburse them for the costs of their work-related mobile device expenses. For example, Mr. Wilson and other aggrieved employees are, and have been required to use their personal mobile devices in the performance of their duties, including responding to work-related calls or text messages from REI's management. In addition, Mr. Wilson was required to download the UKG mobile application on his personal mobile device to access and use REI's timekeeping system. Although REI has required Mr. Wilson and other aggrieved employees to utilize their personal mobile devices and/or mobile data to carry out their work-related responsibilities, REI has failed to reimburse them for these costs.

REI could have provided Mr. Wilson and other aggrieved employees with the actual equipment for use on the job, such as company mobile devices; or REI could have reimbursed employees for the costs of their mobile device usage.  Instead, REI passed these operating costs off onto Mr. Wilson and other aggrieved employees.

Thus, REI had, and continues to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred in violation of California Labor Code section 2802.  Mr. Wilson and other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 2699(a), (f)-(g).

## Violation of California Labor Code § 2810.5(a)(1)(A)-(C) – Failure to Provide Notice of Material Terms of Employment

California's Wage Theft Prevention Act was enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written and timely notice of any changes to basic information material to their employment.  Codified at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the time of hiring, an employer must provide written notice to employees of the rate(s) of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including any rates for overtime, the regular payday designated by the employer, and any allowances claims as part of the minimum wage, including meal or lodging allowances.  Effective January 1, 2015, an employer's written notice pursuant to section 2810.5 must also include a statement that the employee may accrue and use sick leave; has a right to request and use accrued paid sick leave; may not be terminated or retaliated against for using or requesting the use of accrued paid sick leave; and has the right to file a complaint against an employer who retaliates.

At all relevant times, on information and belief, REI failed, on a company-wide basis, to provide written notice to Mr. Wilson and other aggrieved employees that lists the requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C).  REI's failure to provide Mr. Wilson and other aggrieved employees with written notice of basic information regarding their employment with REI is in violation of Labor Code section 2810.5.

Mr. Wilson and other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 2699(a), (f)-(g).

## California Labor Code § 558(a)

California Labor Code section 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid. . . . (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid. . . ."  Labor Code section 558(c) provides that "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."  REI, at all relevant times, was an employer or person acting on behalf of an employer(s) who violated Mr. Wilson's and other aggrieved employees' rights by violating various sections of the California Labor Code.

Accordingly, Mr. Wilson seeks the remedies set forth in Labor Code section 558 for himself, the State of California, and all other aggrieved employees.  Specifically, pursuant to PAGA, and in particular California Labor Code sections 1194.5, 2699(a), 2699.3(a) and 2699.3(c), 2699.5, and 558, Mr. Wilson, acting in the public interest as a private attorney general, seeks assessment and collection of civil penalties and injunctive relief for himself, all other aggrieved employees, and the State of California against REI for violations of California Labor Code sections 201, 202, 204, 226(a), 226.7, 510, 512(a), 516, 1174(d), 1182.12, 1194, 1197, 1197.1, 1198, 2802, and 2810.5.

Therefore, on behalf of all aggrieved employees, Mr. Wilson seeks all applicable penalties related to these violations of the California Labor Code pursuant to PAGA.

Thank you for your attention to this matter.  If you have any questions, please contact me at the phone number or address below:

> Sairah Budhwani
> Capstone Law APC
> 1875 Century Park East, Suite 1000
> Los Angeles, CA 90067
> (310) 556-4811

Best Regards,

Sairah Budhwani

Copy: RECREATIONAL EQUIPMENT, INC. (via U.S. Certified Mail)

14

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

**OFFICIAL USE**

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

RECREATIONAL EQUIPMENT, INC.
1700 45TH STREET E
SUMNER, WA 98352

7022 2410 0000 2406 3805

---

CERTIFIED MAIL

7022 2410 0000 2406 3805



Capstone Law, APC
1875 Century Park, East, 1000
Los Angeles, CA. 90067

RECREATIONAL EQUIPMENT, INC.
1700 45TH STREET E
SUMNER, WA 98352

---

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Signature Confirmation™
☐ Collect on Delivery                ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RECREATIONAL EQUIPMENT, INC.
1700 45TH STREET E
SUMNER, WA 98352

2. Article Number (Transfer from service label)
7022 2410 0000 2406 3805

PS Form 3811, July 2020 PSN 7530-02-000-9053

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece.

RECREATIONAL EQUIPMENT, INC.
1700 45TH STREET E
SUMNER, WA 98352

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Barh_   ☒ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Bailey_   1/14/2

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

Service Type
Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ...ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7022 2410 0000 2406 3805

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt